**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS PEREZ, | No. 11-73202 |
| Petitioner, | Agency No. A070-774-287 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Carlos Perez, a native and citizen of Peru, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding,

and relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Perez failed to establish harm rising to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003) (no past persecution where petitioner was not harmed). Substantial evidence also supports the agency's finding that Perez failed to establish a well-founded fear of future persecution in Peru. *See Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999) (alien must adduce "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution"). Accordingly, Perez's asylum claim fails.

Because Petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT protection because Perez failed to demonstrate it is more likely than not he will be tortured by or with the consent or acquiescence of the Peruvian government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to address Perez's request that we remand the case for consideration of Perez's eligibility for cancellation of removal, because Perez did not exhaust the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**